**THOMPSON et al. v. GERNSBACK.**

United States District Court
S. D. New York.

Aug. 29, 1950.

454

Moss & Wels, New York City, for plaintiffs.

Benjamin E. Winston, New York City, for defendant.

NOONAN, District Judge.

This is an action for infringement of copyright. The plaintiff, Clara Thompson, a physician and psychiatrist, is the author of an article entitled "Changing Concepts of Homosexuality in Psychoanalysis", published in the May, 1947, issue of a Journal called "Psychiatry", of which the plaintiff, The William Alanson White Psychiatric Foundation, Inc., is the publisher. The plaintiff, Clara Thompson, claims to have orally assigned the article to her co-plaintiff, which, together with the other contents of the particular issue involved, was then copyrighted by The William Alanson White Psychiatric Foundation, Inc. The alleged infringing article was published in the November, 1949, issue of a magazine published by the defendant. This latter magazine is called "Sexology" and, I might say, parenthetically, is rather loosely labelled a "Sex Science Magazine-Illustrated". It is for sale at 25¢ a copy, and, according to a legend appearing on the cover thereof, is "the door to sex enlightenment."

■ On this motion, plaintiff asks for summary judgment. The defendant asserts that there are four triable issues raised by the pleadings, the presence of any one of which would, of course, warrant a denial of plaintiffs' motion. While no purpose would be served in discussing at length all of these so-called triable issues, one, I believe, should be noted. The third so-called triable issue, which defendant asserts is raised as a principal defense, deals with the doctrine of fair use. Succinctly stated, this doctrine permits a writer of scientific, legal, medical and similar books or articles of learning to use even the identical words of earlier books or writings dealing with the same subject matter. It is hard for me to perceive how the defendant's magazine could by the remotest possibility come within the classification of a scientific document. For instance, the article dealing with the sex problems of Mongoloid prostitutes, despite its rather imposing title, would, in my opinion, hardly aid defendant's magazine in attaining classification as a work of science.

 However, the defendant may possibly have raised triable issues by this defense of fair use, and his other pleaded defenses. At least, the court entertains a doubt in that regard and for that reason this motion is denied. Arnstein v. Porter, 2 Cir., 154 F.2d 464.